```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
  Charles Scriven,

                       Plaintiff,           MEMORANDUM & ORDER
                                            24-CV-1805(EK)(MJ)
           -against-

  Jeremy Barnum,

                       Defendant.
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

On March 8, 2024, plaintiff Charles Scriven filed this action against defendant Jeremy Barnum, the Chief Financial officer of Chase Bank. Proceeding *pro se,* Scriven invoked the court's federal-question jurisdiction under 28 U.S.C. § 1331. Compl., ECF No. 1. By Order dated March 19, 2024, the court granted Scriven's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), ECF No. 2, but dismissed the complaint with leave to amend. On April 9, 2024, Scriven filed an amended complaint. Am. Compl., ECF No. 4. As set forth below, the amended complaint is now dismissed with prejudice for failure to state a claim.

## I. Background

Scriven alleges that in October 2022, he purchased a car from South Shore Mitsubishi with financing provided by Chase Bank. Am. Compl. at 5. Scriven further alleges that "Mr.

Barnum has breach[ed] the contract by failing to perform his duty by not accepting negotiable instrument." *Id.* at 6. The "negotiable instrument" Scriven refers to is a "notice of claim to interest." *Id.* at 5-6. The complaint does not explain what exactly that is, but alleges that Scriven sent the notice to Barnum at least three times and that the notices were ignored. *Id.* On February 16, 2024, the car was repossessed. *Id.* at 6. Scriven seeks "the title to [his] car, [his] car back or the full amount of the cost of the car." *Id.* at 7.

## II.  Standard of Review

To state a valid claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Still, when a plaintiff is proceeding *in forma pauperis* (as is the case here), the court must dismiss a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### III. Discussion

Plaintiff brings claims against Barnum under the Federal Reserve Act, "12 U.S.C. §§ 1431/372," and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692f, 6802. *See* Am. Compl. at 4. He has not alleged facts to support a plausible federal claim under either statute.

First, there is no private right of action under the Federal Reserve Act. *See* 12 U.S.C. § 504; *Jones v. Farney*, No. 1:23-CV-563, 2023 WL 5345173 (N.D.N.Y. Aug. 21, 2023) (dismissing pro se complaint alleging violation of Federal Reserve Act on that basis). "Determinations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) . . . for failure to state a claim." *Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015).

Second, to the extent that Scriven attempts to allege a claim under the FDCPA, 15 U.S.C. § 1692, he fails to do so. Scriven does not set forth facts to show or to suggest a claim under the FDCPA and, in any event, the FDCPA does not apply to a creditor, such as Barnum. *See Maguire v. Citicorp Retail*

*Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998)("As a general matter, creditors are not subject to the FDCPA."); *Shieh v. Flushing Branch, Chase Bank USA, N.A.*, No. 11-CV-5505, 2012 WL 2678932, at *7-8 (E.D.N.Y. July 6, 2012)(dismissing pro se plaintiff's FDCPA claims against Chase Bank because "Chase, as Shieh's former creditor, is exempted from the FDCPA.").[2]

Thus, Scriven has not articulated a claim for relief under either cause of action specified in the complaint.

### IV.  Conclusion

Accordingly, this action is dismissed with prejudice for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B); *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)(affirming dismissal of *pro se* complaint without leave to replead because "[t]he problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it"); *Liner v. Goord*, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000) ("When a plaintiff does not correct the defects in an initial pleading through the filing of a more detailed amended complaint, the amended complaint may be dismissed with prejudice.") (collecting cases).

---

[2] This is true even if the creditor-bank has an in-house collections function.  "A creditor's in-house collection division, such as Citicorp's Debtor Assistance, is not considered a debt collector [under the FDCPA] so long as [it uses] the creditor's true business name when collecting . . . . An in-house collection unit will be exempt from the provisions of the FDCPA if it collects its own debts in the true name of the creditor or a name under which it has consistently done business." Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and close this case. The Clerk is also directed to mail a copy of this Memorandum and Order to plaintiff and to note the mailing on the docket.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: April 24, 2024
       Brooklyn, New York